[Cite as *State v. Stith*, 2026-Ohio-2988.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MICHAEL RAY STITH,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-41

OPINION AND
JUDGMENT ENTRY

Appeal from Marion County Common Pleas Court
Trial Court No. 23-CR-093

Judgment Affirmed

Date of Decision:  August 3, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *Allison M. Kesler* for Appellee

**ZIMMERMAN, P.J.**

{**¶1**} Defendant-appellant, Michael Ray Stith ("Stith"), appeals the December 1, 2025 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{**¶2**} On March 15, 2023, the Marion County Grand Jury indicted Stith on seven counts of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies. This case stems from allegations that Stith engaged in sexual conduct with multiple victims between 1997 and 2022. Specifically, the indictment set out the following timeframes: Counts One through Three alleged conduct from 1997 and 1998 against victim B.D.; Counts Four and Five alleged conduct from June 2011 through June 2013 against victim B.M.; and Counts Six and Seven alleged conduct from July 2022 through September 2022 against victim J.H. On March 20, 2023, Stith appeared for arraignment and pleaded not guilty to the indictment.

{**¶3**} On April 26, 2023, under a supplemental indictment, the Marion County Grand Jury indicted Stith on three additional counts of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies.[1] Counts Eight through Ten alleged conduct from December 1997 through December 1999 against victim D.B. Stith

---

[1] The State filed a motion to amend the indictments on September 30, 2025 to correct a clerical error regarding one of the victims' dates of birth, which the trial court granted.

appeared for arraignment on May 1, 2023 and pleaded not guilty to the supplemental indictment.

{¶4} On September 13, 2023, Stith filed a motion contesting both his competency to stand trial and his sanity at the time of the offenses. On October 3, 2023, the trial court accepted the motion as a plea of not guilty by reason of insanity and granted the accompanying request for a competency evaluation. On February 8, 2024, Stith filed a motion requesting a second competency evaluation, as well as an evaluation of his mental state at the time of the offenses, which the trial court granted. Following a hearing on November 1, 2024, Stith withdrew his not guilty by reason of insanity plea, and the trial court determined that he was competent to stand trial.

{¶5} On December 2, 2024, Stith filed a motion to sever the counts relating to the different victims for purposes of trial, which the State opposed. On December 10, 2024, Stith filed two motions to dismiss. First, he moved to dismiss Counts Six and Seven—pertaining to victim J.H.—arguing that the appropriate venue was in Crawford County, Ohio. Second, he moved to dismiss Counts One through Three (pertaining to victim B.D.) and Counts Eight through Ten (pertaining to victim D.B.), arguing that the charges were barred by the statute of limitations. The State filed memoranda in opposition to the motions to dismiss on December 30, 2024. On January 22, 2025, the trial court denied all three motions.

{¶6} On September 29, 2025, Stith filed a motion to dismiss Counts One through Five, alleging preindictment delay, which the State opposed. Prior to the commencement of the change of plea hearing, the trial court denied Stith's motion to dismiss. That same day, Stith withdrew his pleas of not guilty and pleaded no contest to Counts One through Five. In exchange for his change of plea, the State agreed to dismiss the remaining counts. The trial court accepted Stith's no contest pleas, found him guilty, and ordered a presentence investigation.

{¶7} On November 24, 2025, prior to being sentenced, Stith orally moved pro se to withdraw his no contest pleas. After allowing the parties to present their arguments, the trial court denied the motion. The trial court then sentenced Stith to ten years in prison on each of Counts One, Two, and Three, and to life in prison with the possibility of parole after ten years on each of Counts Four and Five. The trial court ordered Stith to serve the prison terms consecutively, resulting in an aggregate sentence of 50 years to life in prison. Additionally, the trial court classified Stith as a Tier III sex offender.

{¶8} Stith filed his notice of appeal on December 29, 2025. He raises one assignment of error for our review.

**Assignment of Error**

**Appellant's Due Process rights under the state and federal constitutions were violated by lengthy, prejudicial preindictment delay.**

{¶9} In his sole assignment of error, Stith argues that the trial court erred by denying his motion to dismiss based on preindictment delay. Specifically, he contends that the delay in bringing the indictment—over 25 years for the offenses alleged in Counts One through Three, and over 12 years for the offenses alleged in Counts Four and Five—made it impossible for him to receive a fair trial. Furthermore, he emphasizes that all evidence relating to these counts was gathered and available to prosecutors in 2013, yet charges were not filed until 2023. Consequently, he asserts that this unjustifiable ten-year delay violated his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

*Standard of Review*

{¶10} When reviewing a trial court's decision on a motion to dismiss an indictment for preindictment delay, an appellate court applies a mixed standard of review. The reviewing court affords great deference to the trial court's factual findings, accepting them if they are supported by competent, credible evidence, but examines the legal issues and the application of the law to those facts de novo. State v. Porter, 2021-Ohio-2539, ¶ 7 (3d Dist.). *See also State v. Hahaj*, 2025-Ohio-52, ¶ 12-17 (1st Dist.) (clarifying that preindictment delay claims are reviewed under a mixed standard, rather than for an abuse of discretion, due to the constitutional rights at stake).

*Analysis*

**{¶11}** The Sixth Amendment to the United States Constitution guarantees every person charged with a crime the right to a speedy trial. *Porter* at ¶ 8. Likewise, Article I, Section 10 of the Ohio Constitution guarantees that, "[i]n any trial, in any court, the party accused shall be allowed . . . to have . . . a speedy public trial by an impartial jury." The Sixth Amendment, however, relates only to the time between a person being charged with an offense and the time the individual is brought to trial. *Porter* at ¶ 8. That is, "the Sixth Amendment provides no protection to those who have not yet been accused; it does not 'require the Government to discover, investigate, and accuse any person within any particular period of time.'" *State v. Jones*, 2016-Ohio-5105, ¶ 11, quoting *United States v. Marion*, 404 U.S. 307, 313 (1971). Instead, "[s]tatutes of limitations provide the ultimate time limit within which the government must prosecute a defendant—a definite point 'beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced.'" *Id.*, quoting *Marion* at 322.

**{¶12}** "However, 'when unjustifiable preindictment delay causes actual prejudice to a defendant's right to a fair trial despite the state's initiation of prosecution within the statutorily defined limitations period,'" both the Federal Constitution's Due Process Clause and the Ohio Constitution's Due Course of Law Clause provide a backstop." *Hahaj* at ¶ 19, quoting *Jones* at ¶ 11. A preindictment

delay violates a defendant's rights under these provisions only when the delay is unjustifiable and causes actual prejudice. *Jones* at ¶ 12.

{¶13} "To adjudicate such preindictment-delay claims, Ohio courts have 'firmly established a burden-shifting framework.'" *Hahaj* at ¶ 20, quoting *Jones* at ¶ 13. "First, the defendant must present evidence that the State's delay has caused 'actual prejudice' to the defense, as even 'unjustifiable delay does not violate due process unless it results in actual prejudice.'" *Id.*, quoting *Jones* at ¶ 13, 16. "[O]nce the defendant has shown prejudice, 'the burden shifts to the state to produce evidence of a justifiable reason for the delay.'" *Id.*, quoting *Jones* at ¶ 13.

{¶14} "'Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense.'" *Porter*, 2021-Ohio-2539, at ¶ 11 (3d Dist.), quoting *Jones* at ¶ 28. "'"Proof of actual prejudice to the defendant must be specific and non-speculative; the defendant bears the burden of demonstrating the exculpatory value of the evidence of which he was deprived due to the delay."'" *Id.*, quoting *State v. Mapp*, 2011-Ohio-4468, ¶ 42 (3d Dist.), quoting *State v. Tullis*, 2005-Ohio-2205, ¶ 14 (10th Dist.).

{¶15} "Determining whether a defendant has experienced 'actual prejudice' from a delay 'involves a delicate judgment and a case-by-case consideration of the particular circumstances.'" *Hahaj* at ¶ 21, quoting *Jones* at ¶ 20. "'A court must "consider the evidence as it exists when the indictment is filed and the prejudice the

defendant will suffer at trial due to the delay.""" *Porter* at ¶ 12, quoting *Jones* at ¶ 20, quoting *State v. Walls*, 2002-Ohio-5059, ¶ 52. However, "the Ohio Supreme Court has cautioned that the 'burden upon a defendant seeking to prove preindictment delay violated due process is nearly insurmountable, especially because proof of prejudice is always speculative.'" *Hahaj* at ¶ 21, quoting *State v. Adams*, 2015-Ohio-3954, ¶ 100.

{¶16} In this case, Stith contends that the State's preindictment delay caused him actual prejudice because the allegations are over twenty years old and the alleged victims are now adults. He argues that this "passage of time was bound to result in memory loss, and there was no telling what helpful testimony or evidence may have been lost over the years," ultimately preventing his counsel from providing a proper defense. (Appellant's Brief at 4-5).

{¶17} "Ordinarily, the mere 'possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice.'" *Hahaj* at ¶ 22, quoting *Adams* at ¶ 105. "But that 'does not mean . . . that demonstrably faded memories and actually unavailable witnesses or lost evidence cannot satisfy the actual-prejudice requirement.'" *Id.*, quoting *Jones* at ¶ 21. "Such losses become prejudicial where particular lost evidence 'would minimize or eliminate the impact of the state's evidence and bolster the defense.'" *Id.*, quoting *Jones* at ¶ 28.

{¶18} While Stith argues that the sheer passage of time inevitably resulted in faded memories and the loss of helpful evidence, his demonstration of actual prejudice is insufficient. To show that evidentiary loss or degradation prejudiced his defense, a defendant must identify with specificity both what missing evidence or unavailable testimony the State's delay deprived him of, and how that missing evidence would minimize or eliminate the impact of the State's evidence and bolster the defense. *Id.* at ¶ 23. Although a defendant need not prove exactly what the lost evidence or testimony would have disclosed, he must do more than simply point to the passage of time. *Id.*

{¶19} Here, Stith's argument relies entirely on speculation. He generally asserts on appeal that memories were "bound" to have faded and there was "no telling" what evidence might have been lost over the past twenty years. Indeed, in his motion and at the motion hearing, Stith did not present any evidence demonstrating what specific evidence he claimed was degraded or lost, nor did he provide any synopsis of what exculpatory value that suspected evidence might have held. *See State v. Porter*, 2021-Ohio-2539, ¶ 15 (3d Dist.) (rejecting an actual prejudice claim where the defendant presented no evidence demonstrating an inability to locate witnesses and provided no synopsis of expected exculpatory testimony); *see also Hahaj* at ¶ 28 (finding no actual prejudice where the defendant proved records were lost but failed to explain what those records would have disclosed or how they would have aided her case).

{¶20} The mere possibility that memories will fade or witnesses will become inaccessible due to a lengthy preindictment period does not establish actual prejudice unless the defendant can identify the exculpatory evidence that was lost and show it could not be obtained by other means. *Porter* at ¶ 16. Therefore, because Stith failed to identify specific missing evidence or explain how it would have bolstered his defense, his arguments are merely speculative. *Accord id.* (emphasizing that "speculation does not satisfy the defendant's burden").

{¶21} Ultimately, since Stith has failed to demonstrate an inability to identify potential witnesses or explain what exculpatory evidence they might have offered, he has not established actual prejudice. *Accord id.* at ¶ 17. Consequently, the burden never shifted to the State to demonstrate the delay was justifiable. *Id.* Therefore, the trial court did not err by denying Stith's motion to dismiss based on preindictment delay.

{¶22} Stith's assignment of error is overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.


William R. Zimmerman, Judge


John R. Willamowski, Judge


Juergen A. Waldick, Judge

DATED:
/hls